DENNIS J. REGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent, DENNIS J. REGAN AND MARIKO T. REGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Regan v. Commissioner
Docket Nos. 41045-86, 10103-87
United States Tax Court
T.C. Memo 1993-623; 1993 Tax Ct. Memo LEXIS 640; 66 T.C.M. (CCH) 1782; December 27, 1993, Filed *640 Orders of Dismissal for Lack of Prosecution and Decisions will be entered for respondent in accordance with her audit statements. For respondent: Christopher J. Faiferlick. DAWSON, BUCKLEY
DAWSON; BUCKLEY
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases were assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b) (4) and Rules 180, 181 and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: These consolidated cases were calendared for trial at Los Angeles, California, on July 26, 1993. Petitioners failed to appear. Respondent appeared and moved to dismiss a portion of each case for lack of jurisdiction, and further moved to dismiss the remaining issues for lack of proper prosecution. We granted the *641 motions to dismiss for lack of jurisdiction and took the motions to dismiss for lack of proper prosecution under advisement. Petitioners failed to appear at the call of the calendar on July 26, 1993, and failed to abide by the terms of our Standing Pre-Trial Order. Further, they failed to respond to the Court's Orders requiring computations. Accordingly, it is appropriate to dismiss these matters for lack of proper prosecution. These cases arose as a result of respondent's issuing notices of deficiency to petitioners determining deficiencies and additions to tax as follows: Dennis J. Regan, docket No. 41045-86:
Additions to Tax
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1982
$ 235,507.50
$ 11,775
[1]
$ 23,551
Dennis J. Regan and Mariko T. Regan, docket No. 10103-87:
Additions to Tax
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1983
$ 17,528.60
$ 876
[1]
$ 4,382
Petitioners resided at Bakersfield, California, when they timely filed their petitions herein. Respondent's Motions to Dismiss *642 for lack of jurisdiction alleged that respondent in her notices of deficiency to petitioners determined, inter alia, deficiencies and additions to tax based upon the disallowance of net operating losses claimed by petitioners which were carried to their 1982 and 1983 returns from Omega Research and Development, a limited partnership (hereafter Omega), from its 1982 return. The losses claimed by Omega arose, in large part, from losses flowing to it from Advanctek, a limited partnership. In the year 1982 Advanctek was governed by the TEFRA partnership procedures, section 6221-6229, while Omega was not governed by the TEFRA partnership proceedings by virtue of the small partnership exception of section 6231(a)(1)(B). Advanctek filed a petition in this Court in regard to partnership items for its 1982 taxable year as determined by respondent in her Notice of Final Partnership Administrative Adjustment (FPAA). On February 5, 1993, an Order of Dismissal for failure to prosecute properly and Decision was entered deciding that the partnership items for 1982 were correct as adjusted in the FPAA issued to Advanctek. Docket No. 41046-86. The losses from Advanctek flowing through Omega *643 and from there to the 1982 and 1983 returns of petitioners are partnership items. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. Those items were proper subjects of the partnership proceeding, and we lack jurisdiction over them in the instant cases before the Court. . Further, the additions to tax relating to the disallowance of the Advanctek losses are affected items whose resolution must await the outcome of the partnership proceeding. ; Because the notices of deficiency herein were issued prior to the conclusion of the Advanctek proceeding, we lack jurisdiction over the additions to tax as well. [2]
*644 After petitioners failed to appear at the call of the calendar, the Court ordered the parties to provide the Court with computations without the Advanctek items so that decisions might be entered on these matters once we ruled on the motions to dismiss for failure to prosecute properly. Petitioners did not respond to the Court's order for computations, but respondent forwarded her computations for docket No. 10103-87. In those computations, respondent prepared for the Court audit statements which "back out" the Advanctek issues. The statements indicate no tax deficiency or additions for 1982, and tax in the amount of $ 1,645 for 1983, together with additions under section 6653(a)(1) in the amount of $ 82.25 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 1,645. We are prepared to render decisions based upon the foregoing amounts. Respondent, however, also attached the additional computations which include the adjustments which flowed from the Advanctek partnership, and respondent requested that decisions be entered based upon the additional computations. These computations are the same as those set forth in the notice of deficiency. Respondent, *645 in support of her requests, states: Since the adjustments from the Advanctek partnership have been properly assessed, these assessments should be included. . Since the adjustments from the Advanctek partnership were properly assessed, the Court should enter a decision comporting with the computations in [the second computation].
Our jurisdiction in this matter is premised upon a proper notice of deficiency mailed to petitioners by respondent, and by their timely filing with this Court a petition to redetermine that deficiency. Sec. 6213(a). It is the existence of a deficiency that in the case at bar served as petitioners' so-called "tickets to the tax court". See, e.g., . To the extent that respondent successfully convinced this Court that the portions of the deficiencies and additions to tax relating to petitioners' investment in the Advanctek partnership were not properly the subjects of these deficiency proceedings and has advised this Court that the deficiency portions in fact have already been assessed, *646 we fail to see how this Court can issue Orders of Dismissal and Decision that in fact include those amounts. Respondent cites in support of her position our recent opinion in . However, the Harris case does not support respondent's position. In Harris, we considered computational questions arising under the provisions of Rule 155. After the issuance of our opinion, concerning a partnership investment for pre-TEFRA years, the taxpayer and the Commissioner had entered into a settlement covering TEFRA years of an unrelated partnership which resulted in the allowance to taxpayer of a net operating loss carryback to one of the years at issue before the Court. It was the taxpayer's position, with which we agreed, that the net operating loss carryback should enter into the Rule 155 computation in the case before the Court. We rejected, however, the taxpayer's attempt to delay the entry of decision in the case until other unrelated TEFRA partnership issues had been resolved, which conceivably might also serve as offsets against the tax for the year at issue. We see little similarity between Harris *647 and the cases at bar. In these cases respondent has convinced the Court that we have no jurisdiction over the Advanctek partnership and affected items. Respondent presumably is in a position to assess the increase in petitioners' tax liability arising from the adjustments to their partnership items without the aid and assistance of this Court, and in fact has advised the Court that those amounts have been assessed. Also, as we previously noted, respondent may issue a notice of deficiency to petitioners for the additions to tax under the authority granted by section 6230(a)(2). It is our position that, lacking jurisdiction over the above amounts, we may not include them in the decisions to be entered in these cases. Accordingly, our decisions in favor of respondent will be based upon respondent's audit statements "backing-out" the Advanctek issues. Orders of Dismissal for Lack of Prosecution and Decisions will be entered for respondent in accordance with her audit statements. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the entire deficiency. ↩
1. 50 percent of the interest due on the entire deficiency. ↩
2. Respondent may yet issue a notice or notices of deficiency for the additions to tax. Secs. 6230(a)(2), 6231(a)(5); secs. 301.6231(a)(5)-1T(d), 301.6231(a)(6)-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. reg. 6790, 6791 (Mar. 5, 1987).↩